*791 KIMBALL, Chief Justice,
dissents.
|,I dissent from the majority’s conclusion that an unexercised right to institute a lawsuit is not subject to seizure by a writ of fieri facias. In my view, the majority’s position is untenable and without adequate support. Moreover, there is no legal basis for the majority’s position that “it is the nature of the relinquishment of the judgment debtor’s interests, whether voluntary or involuntary, that is the pivotal consideration in determining the validity and legality of the vehicle chosen for the transfer of inchoate rights.” At pp. 786-87. In my view, whether the judgment debtor voluntarily or involuntarily relinquished her interest in the action is a distinction without a difference in the proper legal analysis of the issue presented.
The majority concludes that because the decision to file a lawsuit is based on an individual’s subjective judgment and will, the right to file a lawsuit is a strictly personal right. As such, the majority reasons, the right is not subject to involuntary relinquishment by seizure by writ of fieri facias. I disagree with the majority’s classification of the judgment debtor’s claim against her insurer as strictly personal.
The Civil Code distinguishes between strictly personal and heritable obligations. Article 1766 provides in part, “An obligation is strictly personal when |2its performance can be enforced only by the obli-gee, or only against the obligor.” Article 1765 states in part, “An obligation is heritable when its performance may be enforced by a successor of the obligee or against a successor of the obligor.” Thus, the distinguishing factor between a heritable obligation and a strictly personal obligation is who can enforce performance. The comments to Article 1766 cite as examples of strictly personal obligations the obligation to fulfill a marriage engagement, the obligation of a musician under a contract to record music, and a contract for dancing lessons. La. C.C. art. 1766 cmt. (c). See also 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise § 197 (4th ed. 2001) (“In this context [of creditors exercising all rights and actions of their debtor unless they are strictly personal], strictly personal means rights and actions which, though patrimonial in nature, are so closely connected with the personality of the debtor that they cannot be exercised by third persons.”). In contrast to these examples, the obligation of an insurer to pay damages to its insured for breach of its duties is not uniquely personal to the insurer or the insured. Concomitantly, in my view, the right of the insured to institute a lawsuit to recover the damages is not uniquely personal to the insured. As such, I believe the right to recover damages and the obligation to pay them is heritable rather than strictly personal. See, e.g., Guidry v. Theriot, 377 So.2d 319, 324 (La.1979) (“[A] victim’s action for recovery of tortious damages is not strictly personal because it is a right to recover money damages that result in a benefit for the victim’s heirs.”). Because I believe the insured’s right is not strictly personal, it is my opinion that the insured’s right to institute a lawsuit can be seized by a writ of fieri facias. See 15 William Shelby McKenzie & H. Alston Johnson III, Louisiana Civil Laxo Treatise § 222 (3d ed. 2006) (“[T]he insured’s claim may be seized and asserted |sby the judgment creditor.”);[1] and 2 A.N. Yiannopoulos, *792 Louisiana Civil Law Treatise § 197 (4th ed. 2001) (“It would seem that creditors should be allowed to seize or exercise any right of the debtor which may qualify as patrimonial unless this right is strictly personal.”).
In addition to incorrectly concluding that the insured’s unexercised right to file suit is strictly personal, the majority’s opinion is filled with dicta and inaccuracies. For example, while the majority explicitly declines to address whether an unexercised right to institute a lawsuit may be assigned, it clearly assumes that because an assignment is voluntary, it is allowed under our law. Additionally, while acknowledging that the insured did not object to the validity of the seizure process, the majority nevertheless addresses whether the seizure violated her interests and raises constitutional issues not raised by the parties or the courts below. See State in the Interest of Sapia, 397 So.2d 469, 475 (La.1981) (“We specifically do not address constitutional issues as they might apply to the case at hand because none have been raised here or in the courts below.”). Finally, the majority imagines hypotheticals and “foresees misuse of the executory procedure,” at p. 789, by the use of overly broad and vague language to support its result. Such scenarios are simply not before us today.
The majority’s conclusion that an unex-ercised right to institute a lawsuit is not subject to seizure by a writ oí fieri facias is not supported by the law. In the absence of support for the contrary position, I believe that the insured’s right to institute a lawsuit against her insurer to recover damages for breach of its duties is not strictly personal. As such, I believe it is subject to seizure by a writ of fieri facias. ^Consequently, I would reverse the court of appeal’s grant of summary judgment in favor of defendants.

. The majority discounts this treatise as not providing sufficient authoritative basis for the seizure of the “innately personal right,” slip op. at p. 788, at issue. While I agree that such treatises are not controlling, I believe the considered view of the scholarly authors should not be rejected in such an out-of-hand manner, especially considering the lack of definitive statutory and jurisprudential guidance on this issue.